United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 23-cr-20434

v.

Hon. Laurie J. Michelson

Andrew Nickels,

Defendant.

_____/

## STIPULATION AND ORDER TO CONTINUE
## THE TRIAL AND FIND EXCLUDABLE DELAY

Through their respective counsel, the Government and defendant Andrew Nickels stipulate and agree to adjourn the motion cutoff, plea cutoff, trial-related submission deadlines, final pretrial conference and trial dates as set forth in the Criminal Trial Notice and Scheduling Order (ECF No. 10, PageID.20). Specifically, the parties stipulate to adjourn these dates as follows:

| | |
|---|---|
| Motion Cutoff | 60 Days |
| Plea Cutoff | 60 Days |
| Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Proposed Verdict Form | 60 Days |
| Motions *in Limine* | 60 Days |
| Final Pretrial Conference | 60 Days |
| Trial Date | 60 Days |

The parties further stipulate and jointly move for the Court to find that the time period between October 10, 2023 and the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Defendant Nickels and counsel for the Government have been engaging in plea negotiations, in that the Government tendered a plea agreement to defendant's counsel in order to try to resolve this case prior to trial. The parties need additional time to continue these negotiations.

- The Government produced discovery to the defense on August 17, 2023. Defendant Nickels and his attorney need additional time to review this discovery and conduct further investigation.

- Counsel for defendant Nickels has been involved in a murder trial which has interfered with his ability to review discovery, meet with the defendant (who resides in Indiana), and meaningfully engage in plea negotiations.

- This extra time will allow the defendant to determine whether any pretrial motions are necessary and decide whether to proceed to trial or resolve the case through a plea agreement. In addition, the additional time will also allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of the case cannot be reached, it will provide the parties sufficient time to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial, and is necessary for the parties to adequately and effectively prepare pretrial motions, assess pretrial resolution options, and prepare for trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Frances Lee Carlson*
  Frances Lee Carlson
  Assistant United States Attorney
  211 W. Fort Street, Suite 2001
  Detroit, MI 48226
  (313) 226-9696
  frances.carlson@usdoj.gov

*s/ Steven Scharg (with consent)*
Steven Scharg
Attorney for Andrew Nickels
615 Griswold, Suite 1120
Detroit, Michigan 48226
Phone: (313) 300-0214
Scharg1924@gmail.com

  *s/ Tanya Senanayake*
  Tanya Senanayake
  Trial Attorney
  Counterterrorism Section
  National Security Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Washington, DC 20530
  (202) 514-0849
  tanya.senanayake3@usdoj.gov

Dated: September 15, 2023

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                        Case No. 23-cr-20434

v.

                                        Hon. Laurie J. Michelson

Andrew Nickels,

              Defendant.

_____/

## ORDER GRANTING CONTINUANCE
## AND FINDING EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from September 15, 2023 to December 12, 2023 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). For the reasons described in the parties' submission, which the Court adopts as its findings, and after considering the factors listed in §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv), the Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy

trial and that this time period qualifies as excludable delay under §
3161(h)(7). Specifically, the Court finds that:

- Failure to grant the continuance would deny counsel for the
  defendant or the government the reasonable time necessary for
  effective preparation, taking into account the exercise of due
  diligence.

- The parties have begun to discuss a pretrial resolution of case in that
  the government has tendered a plea agreement to defense counsel.

- Defense counsel has been involved in the trial of another matter
  which has interfered with his ability to meet with the defendant,
  review discovery, and engage in meaningful plea negotiations.

**IT IS THEREFORE ORDERED** that the dates and deadlines
set forth in this Court's August 14, 2023 *Criminal Trial Notice and
Scheduling Order* (ECF No. 10, PageID.20) shall be extended as follows:

| | |
|---|---|
| Motion Cutoff | October 31, 2023 |
| Plea Cutoff | November 20, 2023 |
| Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Proposed Verdict Form | November 27, 2023 |
| Motions *in Limine* | November 27, 2023 |

| Final Pretrial Conference | November 20, 2023, at 3:00 p.m. |
|---|---|
| Trial Date | December 12, 2023, at 8:30 a.m. |

**IT IS FURTHER ORDERED** that the time from September 15, 2023 and December 12, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated: September 15, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE