United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                Case No. 23-cr-20434

v.

                                Hon. Laurie J. Michelson

Andrew Nickels,

        Defendant.
_____/

**STIPULATION AND ORDER TO CONTINUE
THE TRIAL AND FIND EXCLUDABLE DELAY**

Through their respective counsel, the Government and defendant Andrew Nickels stipulate and agree to adjourn the plea cutoff, final pretrial conference and trial date in this case  Specifically, the parties stipulate to adjourn these dates as follows:

| | |
|---|---|
| Plea Cutoff | January 31, 2024 |
| Final Pretrial Conference | January 31, 2024 at 2:00 p.m. |
| Trial Date | From January 23, 2024 at 8:30 a.m. to February 20, 2024, at 8:30 a.m. |

The parties further stipulate and jointly move for the Court to find that the time period between January 23, 2024 and February 20, 2024,

qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Defendant Nickels and counsel for the Government have been engaging in plea negotiations, in that the Government tendered a plea agreement to defendant's counsel in order to try to resolve this case prior to trial. The parties need additional time to continue these negotiations.
- Counsel for defendant Nickels has been involved in multiple trials which have interfered with his ability to review discovery, meet with the defendant (who resides in Indiana), and meaningfully engage in plea negotiations.
- The defendant has started a new job and is unable to travel to Detroit for the currently scheduled final pretrial conference.
- This extra time will allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of

the case cannot be reached, it will provide the parties sufficient time to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial, and is necessary for the parties to adequately and effectively prepare pretrial motions, assess pretrial resolution options, and prepare for trial.

*(signatures of following page)*

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Frances Lee Carlson*
Frances Lee Carlson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9696
frances.carlson@usdoj.gov

*s/Steven Scharg (with consent)*
Steven Scharg
Attorney for Andrew Nickels
615 Griswold, Suite 1120
Detroit, Michigan 48226
Phone: (313) 300-0214
Scharg1924@gmail.com

*s/Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-0849
tanya.senanayake3@usdoj.gov

Dated: January 3, 2024

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                        Case No. 23-cr-20434

v.

                        Hon. Laurie J. Michelson

Andrew Nickels,

      Defendant.

_____/

## ORDER GRANTING CONTINUANCE
## AND FINDING EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from January 23, 2024, to February 20, 2024, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). For the reasons described in the parties' submission, which the Court adopts as its findings, and after considering the factors listed in §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv), the Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy

trial and that this time period qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- Failure to grant the continuance would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
- The parties have begun to discuss a pretrial resolution of case in that the government has tendered a plea agreement to defense counsel.
- Defense counsel has been involved in multiple other trials which have interfered with his ability to meet with the defendant, review discovery, and engage in meaningful plea negotiations.
- Defendant was unable to travel to attend the currently scheduled final pretrial conference due to new employment.

**IT IS THEREFORE ORDERED** that the dates and deadlines set forth in the Stipulation and Order to Continue (ECF No. 13, PageID.35) shall be extended as follows:

| Plea Cutoff | January 31, 2024 |
|---|---|
| Final Pretrial Conference | January 31, 2024, at 2:00 p.m. |
| Trial Date | February 20, 2024, at 8:30 a.m. |

**IT IS FURTHER ORDERED** that the time from January 23, 2024, to February 20, 2024, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated: January 4, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE